UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WADE McANALLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:13 CV 555 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Wade McAnalley, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held at the Westville Correctional Facility on April 19, 2013. Under case number WCU 13-03-530, the Disciplinary Hearing Body (DHB) found him guilty of "Threatening" in violation of a provision called B-213. McAnalley lists four grounds in his petition, but all four are fundamentally the same claim. In Ground One, he argues that he was not screened on these charges until after the date of his originally scheduled hearing. In Ground Two, he explains that he raised this issue during his hearing. In Ground Three, he states that this error was brought to the attention of the hearing officer prior to judgment. And in Ground Four, he argues that errors raised before judgment can be corrected. In addition, he argues that prison policy was violated because not every mistaken notation on the forms were corrected and that when corrections were made, they were not always initialed by the person making the correction. None of this is a basis for habeas corpus relief.

The Screening Report (DE # 1 at 5) shows that the case was assigned on April 3, 2013, even though the first Postponement Form (DE # 1 at 6) shows that the original hearing date was the day before on April 2, 2013. Since the offense was committed on March 22, 2013, and the Conduct Report was received on March 25, 2013, (*see* DE # 1 at 5), it is possible that an initial hearing date was mistakenly set before the case was assigned. Alternatively, it is possible that one or both of those dates were scrivener's errors. Either way, it is irrelevant because the Postponement Forms (DE # 1 at 6 & 7) as well as the Disciplinary Hearing report (DE # 1 at 8) make clear that no hearing was actually held until April 19, 2013.

If McAnalley had actually had a hearing before he had been given notice of the charge against him, that would violate the requirement that he receive at least 24 hour advance written notice of the factual basis of the charges against him. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). However, that is not what happened here. At most, a hearing was mistakenly scheduled and then postponed. That does not violate *Wolff*. Alternatively, a guard put an incorrect date on the form. That too does not violate *Wolff*. Nor do McAnalley's allegations regarding violations of prison policy have any merit, because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because McAnalley has not presented any basis for habeas corpus relief, the petition is **DENIED** pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN

THE UNITED STATES DISTRICT COURTS, and the Clerk is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Date: July 8, 2013

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT